**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**


Bradley James Albert,

        Plaintiff,

                    Case No. 1:23-cv-1530-MLB

v.

Discover Bank,

        Defendant.

_____/

## <u>ORDER</u>

Earlier this year, the Court granted Defendant's motion to dismiss and dismissed this case with prejudice based on the recommendation ("R&R") of a magistrate judge.  (Dkts. 14; 20; 28.)  Plaintiff now moves for reconsideration.  (Dkt. 30.)  Given Plaintiff's pro se status, the Court has reviewed the arguments in each of his post-R&R filings—not just those in his motion for reconsideration—to see if there is any reason for the Court to revisit its prior order dismissing this case.  Subject to one minor exception, there is not.

Plaintiff first complains he did not receive a mailed copy of Defendant's motion to dismiss until 8 days after Defendant filed it.  (Dkt.

22 at 2–3.)  But the Magistrate Judge gave Plaintiff *37 days* to file a response—more than twice the time allotted under the Local Rules—and Plaintiff ultimately did file a response that the Magistrate Judge considered.  (Dkts. 17; 18; 19); LR 7.1(B), NDGa.  So Plaintiff suffered no prejudice from the delay he cites.  The same goes for Plaintiff's related objection that he did not receive one of Defendant's post-R&R filings until 9 days after Defendant mailed it.  (Dkt. 27 at 1–2.)  Plaintiff still filed a responsive document (Dkt. 27), which the Court considered (Dkt. 28 at 1 n.1).  He never sought extra time to respond.  And he does not identify any argument he would have pursued further if he had more time.  So he has not shown anything like the kind of prejudice required to reopen this case.

Plaintiff likewise claims he did not receive a mailed copy of the R&R until 6 days after it was issued.  (Dkt. 25 at 4.)  But the R&R was pending for more than three months before the Court adopted it, leaving Plaintiff with plenty of time to file whatever he wanted in the interim.  Indeed, Plaintiff filed four documents during that period—two of which purportedly set forth his R&R objections "in detail"—and the Court

2

considered all four documents when it ruled on the R&R.  (Dkts. 27 at 2; 28 at 1 n.1.)

Plaintiff claims the Court should have appointed an attorney to represent him in this case because the Local Rules and Federal Rules of Civil Procedure are hard to understand, he could have litigated his claims more effectively if he had an attorney, and pro se parties—unlike represented parties—do not get electronic notifications from the Court's CM/ECF system and have to rely on snail mail instead.  (Dkts. 22 at 3–6; 24 at 3–4; 25 at 4.)  The Court rejects this argument.  "A plaintiff in a civil case has no constitutional right to counsel."  *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).  A court may appoint counsel for "an indigent plaintiff" in "exceptional circumstances."  *Id.*  But Plaintiff has not shown he is indigent because he offers almost no information about his finances, he "works in the investment industry" and has done so for years (Dkt. 8 at 4), and he paid the filing fees for both this case and his appeal (Dkt. 1-1; February 1, 2024 Docket Entry).

Nor has Plaintiff identified any exceptional circumstances warranting a court-appointed attorney, including because the circumstances he cites apply in virtually *every* case involving a pro se

party.  *See Wright v. Harper*, 2018 WL 3219450, at \*2 (M.D. Ga. June 29,

2018) (circumstances "true of all pro se litigants" do not warrant

court-appointed counsel).  Plaintiff's claims are not unusually "novel or

complex," he has "prior experience" with pro se litigation (including in

federal court on related claims), he successfully filed several motions,

responses, and other documents (including an amended complaint) in

this litigation, he was not required to "examin[e] witnesses or deal[] with

other trial matters," and the Court "didn't need the appointment of

counsel to sharpen the issues, shape witness examinations, shorten the

trial, or reach a just determination."  *Pruitt v. Charter Commc'ns, Inc.*,

2022 WL 424875, at \*2 (11th Cir. Feb. 11, 2022).  That Plaintiff

"undoubtedly would have been helped by the assistance of a lawyer"—or

that he "encountered significant difficulties in prosecuting his case"—is

not enough to justify counsel.  *Stevens v. United States*, 778 F. App'x 731,

735 (11th Cir. 2019); *Bass*, 170 F.3d at 1320; *see Nolley v. Warden, Macon

State Prison*, 820 F. App'x 845, 858 (11th Cir. 2020).[1]

---

[1] The Court recognizes that *Pruitt*, *Nolley*, and *Stevens*—and other
unpublished cases cited herein—are not binding.  The Court cites them
as instructive nonetheless.  *See Searcy v. R.J. Reynolds Tobacco Co.*, 902
F.3d 1342, 1355 n.5 (11th Cir. 2018) ("Unpublished cases do not

Plaintiff argues the Court should not have stayed discovery before ruling on Defendant's motion to dismiss. (Dkt. 22 at 6.) But "discovery *follows* a well-pleaded complaint; not the other way around." *Carter v. DeKalb Cnty., Ga.*, 521 F. App'x 725, 729 (11th Cir. 2013). Indeed, the Eleventh Circuit has instructed district courts to resolve motions to dismiss "before discovery begins" because such motions present "purely legal question[s]" and thus "neither the parties nor the court have any need for discovery before the court rules on [them]." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). Although Plaintiff claims mailing delays prevented him from responding to Defendant's motion to stay discovery, Plaintiff has not shown his response would have changed the Court's resolution of that motion, much less that it would—or even could—have saved his claims from dismissal. (Dkts. 22 at 2–3; 25 at 3–4.)

Plaintiff argues the Court should have recused because it stayed discovery and failed to appoint counsel for him, which supposedly raised "a significant doubt about [the Court's] impartiality." (Dkt. 22 at 6.) But

---

constitute binding authority and may be relied on only to the extent they are persuasive.").

Plaintiff was not entitled to an attorney, so the Court's failure to appoint one hardly suggests any bias. And "courts within the Eleventh Circuit routinely find good cause to stay the discovery period where there is a pending motion to dismiss." *Smith v. Wayne Cnty., Georgia*, 2023 WL 3182962, at \*1 (S.D. Ga. May 1, 2023). Even if the Court's decisions were wrong, it would not follow that recusal was appropriate. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Plaintiff next says he "met all the requirements for a 'Statement of Claim' as defined by Georgia code § 15-10-43(a)." (Dkts. 24 at 2; 25 at 2.) But Section 15-10-43(a) applies only in Georgia magistrate courts—not federal court—so it does not move the needle here. *See Champion v. Target Nat'l Bank*, 2013 WL 8699367, at \*5 (N.D. Ga. Apr. 15, 2013) (noting Section 15-10-43(a) contains "[t]he rules governing commencement of actions in Magistrate Court"). And Plaintiff failed to state a claim under the applicable *federal* pleading standards for the reasons explained at length in the R&R. (*See* Dkt. 20.)

Plaintiff argues the Court should have found Defendant was a "debt collector" within the meaning of the Fair Debt Collection Practices Act

("FDCPA") because Defendant is a "creditor who . . . collect[s] [its] own debts" and the principal purpose of its business is "the enforcement of security interests."  15 U.S.C. § 1692a(6); (*see* Dkts. 24 at 3; 25 at 2–3). This argument fails for several reasons.  First, Plaintiff never presented it to the Magistrate Judge, meaning the Court need not consider it now. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.").  Second, a creditor who collects its own debts is not a debt collector unless it "uses any name other than [its] own which would indicate that a third person is collecting or attempting to collect such debts."  15 U.S.C. § 1692a(6). The complaint does not say Defendant used another name during the debt collection process.  Third, Plaintiff does not allege Defendant's principal business is "the enforcement of security interests" and, even if he did, that would only make Defendant a debt collector "[f]or the purpose of section 1692f(6)," which is not at issue here.  15 U.S.C. § 1692a(6).[2]

---

[2] Section 1692f(6) prohibits a debt collector from "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there

Plaintiff says the Court should have given him a chance to amend his complaint before dismissing this case with prejudice. (Dkts. 24 at 4; 27 at 3–4.) But the Magistrate Judge found "any subsequent amendment would be futile and would interfere with the Court's ability to protect its docket from frivolous and abusive litigation." (Dkt. 20 at 38.) The Court agrees with that conclusion. *See Lee v. Alachua Cnty., FL*, 461 F. App'x 859, 860 (11th Cir. 2012) ("While a pro se litigant must generally be given an opportunity to amend his complaint, a district court need not allow any amendment where amendment would be futile.").

Plaintiff claims the Court should have stricken Defendant's argument—made in its motion-to-dismiss briefing—that Plaintiff's two alleged credit card accounts were actually the same account. (Dkts. 19; 24 at 4.) But the Court rejected Defendant's argument and it is unclear what more would have been gained from striking it. (Dkt. 20 at 2 n.3, 35–36); *see Jones v. Coty Inc.*, 362 F. Supp. 3d 1182, 1196 (S.D. Ala. 2018) (denying a motion to strike statements in a brief because "[s]triking them

_____

is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement." 15 U.S.C. § 1692f(6). Plaintiff's pre-R&R filings never cite this provision, and his complaint fails to plausibly allege it applies.

. . . would advance no constructive purpose" and the court could simply "disregard th[e] statements"). Indeed, "it is both disfavored and generally inappropriate to strike arguments or other portions of filings merely because they lack merit or may suffer from a logical or factual defect." *Jones*, 362 F. Supp. 3d at 1196.

Plaintiff asserts in passing that the R&R includes "prohibited rulings on facts [in] this case without correctly using a jury." (Dkt. 30 at 2.) Plaintiff does not identify—and the Court does not see—any specific factual disputes that the Magistrate Judge impermissibly resolved against him. And a jury has no role at the pleading stage, so the Magistrate Judge was not required to use one. *See Bethel v. Baldwin Cnty. Bd. of Educ.*, 371 F. App'x 57, 62 (11th Cir. 2010) ("a district court is authorized to dismiss a plaintiff's case for failure to state a claim" and the "right to a trial by jury is not violated when a court dismisses a case based on a matter of law before trial").

Finally, Plaintiff asks whether he has "lost the ability to take [his] legitimate prior claims back to State Court due to Rooker-Feldman Doctrine." (Dkt. 30 at 3.) It is not entirely clear what this means. But the Court previously dismissed Counts 4, 10, and 11 with prejudice based

9

in part on the *Rooker-Feldman* doctrine.  (Dkts. 20 at 24–27, 33 n.11, 34; 28.)  And, to the extent Plaintiff is saying the Court should dismiss those claims *without* prejudice because he may want to reassert them (or some aspect of them) elsewhere, the Court agrees.  "[A] *Rooker-Feldman* dismissal is a dismissal for lack of subject matter jurisdiction," which means it should be "entered without prejudice."  *Scott v. Frankel*, 606 F. App'x 529, 533 (11th Cir. 2015); *see Stuart v. Ryan*, 818 F. App'x 858, 862 (11th Cir. 2020) ("[D]ismissal without prejudice is the appropriate remedy when a district court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine.").  Although the Court dismissed Counts 4, 10, and 11 for several reasons and *Rooker-Feldman* was only one of those reasons (and, even then, the Court applied *Rooker-Feldman* only to a limited extent), the Court—in an abundance of caution—elects to dismiss Counts 4, 10, and 11 without prejudice.[3]

---

[3] To the extent Plaintiff's post-R&R filings make other arguments left unaddressed in this Order, the Court concludes those arguments were not squarely presented to the Magistrate Judge, are insufficiently developed or supported by citations to authority and the record, are meritless, or would not affect the outcome of this case and thus do not warrant reconsideration.

Plaintiff's Motion for Reconsideration (Dkt. 30) is **GRANTED IN PART** and **DENIED IN PART**.  The Court **DIRECTS** the Clerk to **AMEND** the Judgment (Dkt. 29) to reflect that Counts 4, 10, and 11 are dismissed *without* prejudice.  All other counts remain dismissed *with* prejudice.

**SO ORDERED** this 11th day of July, 2024.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE